# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| KAREN SUE LUTTRELL, ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | |
| v. ) | |
| ) | |
| LAFAYETTE INSTRUMENT ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff, by counsel, alleges against the Defendant as follows:

1. Plaintiff is Karen Sue Luttrell, a qualified employee of the Defendant who at all times material to this Complaint was over the age of forty (40). Plaintiff contends that while employed by the Defendant she was discriminated and retaliated against on the basis of her age and further retaliated against on the basis of her gender following complaints of sexual harassment/hostile work environment, in violation of the rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII").

2. Defendant is Lafayette Instrument Company, Inc., a company doing business at 3700 Sagamore Parkway North, Lafayette, IN 47904, with registered agent Jennifer Rider, 3700 Sagamore Parkway North, Lafayette, IN 47904. Defendant is an "employer" for the purposes of the ADEA and Title VII.

3. Plaintiff filed a Charge of Discrimination with the EEOC on or about February 24,

2017 (attached hereto, incorporated herein, and made a part hereof as Exhibit "A"), and the EEOC issued its Dismissal and Notice of Rights on September 27, 2017 (attached hereto and made a part hereof as Exhibit "B").  Plaintiff has exhausted her administrative remedies and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff worked for the Defendant for over five years from 2011 until her wrongful termination on or about September 12, 2016.  At the time of her unlawful separation from employment Plaintiff was a Polygraph Division Sales Representative.

5. In October 2015, Plaintiff reported sexual harassment by the company Vice President, Chris Fausett.  Ultimately, the complaint was resolved by Defendant in March 2016 when Fausett was asked to (and did) resign his position, and Plaintiff received monetary compensation.

6. Fausett was replaced as company VP by Steve Rider.  By information and belief, Rider and Fausett were close friends, and Fausett chose Rider to step in as his replacement.

7. From the time that Rider became company VP, Plaintiff's requests to Rider for job assistance were often ignored or disregarded.  This made it difficult for Plaintiff to effectively and/or timely respond to customer questions or requests.  When Plaintiff addressed concerns regarding this issue with Rider, she was reprimanded and told that Rider was overloaded with work because Fausett was gone.

8. Over the remainder of the time Plaintiff was employed by Defendant, she

experienced several other retaliatory behaviors by Defendant such as: having duties she previously handled transferred to other employees; being criticized for the color shirt and type of name tag she wore at a seminar even though she had permission to wear them; she was no longer asked to represent the company at seminars she had attended in previous years; having sales inquiries directed away from her e-mail into a generic e-mail to which she had no access; being excluded from company functions; being asked to arrive at a seminar one day later than other employees; and being excluded from reports of software bugs when new software was released.

9. Prior to her termination, Plaintiff was told by Rider on several occasions that she was working too much, that she appeared tired, and that she was one year older than the company president's mother.

10. Following Plaintiff's complaint of sexual harassment, and prior to her termination, Plaintiff's work was increasingly scrutinized. For example, Plaintiff was reprimanded for not sharing technical support issues and how they were resolved with coworkers, even though coworkers were not required to share similar information with her; Plaintiff was reprimanded for working after hours and weekends even though she was a salaried employee, when previous to her complaints of sexual harassment she was praised for her extra efforts and recognized for going "above and beyond" at national seminars; and she was reprimanded for giving her personal phone number and email address to clients even though those had previously been listed on the company's website and her

company issued business cards.

11. When Plaintiff learned in September 2016 that another coworker had complained of sexual harassment, and that Rider addressed the complaint immediately, Plaintiff confronted Rider and told him she was displeased with how her own complaint was not handled appropriately for months.  Rider became upset and walked away in the middle of the conversation.

12. The following day, on or about September 8, 2016, approximately two (2) days after Plaintiff confronted Rider about how her own complaint of sexual harassment was not handled properly, Plaintiff was given a Notice of Investigatory Leave and instructed to cease all work and communication with clients.  Four (4) days later, Plaintiff was notified that she was terminated.

13. The proffered reasons for Plaintiff's termination were, among other things, "rude, discourteous, or unprofessional behavior," and "insubordination."

14. Plaintiff contends that the proffered reasons for her termination were false and pretextual, and in reality she was discriminated against and retaliated against on the basis of her age and further retaliated against on the basis of her gender following complaints of sexual harassment/hostile work environment, in violation of her federal rights under the ADEA and Title VII.

15. The Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job related benefits including income, and subjected her to inconvenience, emotional distress, mental anguish, embarrassment, and other damages and injuries.  Plaintiff is entitled to

      seek compensatory damages.

16. Further, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADEA and Title VII.  The Plaintiff is entitled to seek liquidated and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and costs and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


<u>/s/ Lori W. Jansen</u>
Lori W. Jansen, #19417-57
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:         ljansen@myers-law.com
Counsel for Plaintiff


JH