EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): <br>470-2017-01310 |
|---|---|---|

Equal Employment Opportunity Commission
State or local Agency, if any _____ and EEOC

Name (indicate Mr., Ms., Mrs.): Karen Sue Luttrell
Home Phone (Incl. Area Code): (240) 568-4047
Date of Birth:

Street Address: 9303 Kendal Circle
City, State and ZIP Code: Laurel, MD 20723

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name: Lafayette Instrument Company, Inc.
No. Employees, Members: 50+
Phone No. (Include Area Code): (765) 423-1505

Street Address: 3700 Sagamore Pkwy. N
City, State and ZIP Code: Lafayette, IN 47904

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03/01/16    Latest: 09/12/16
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The complainant Karen Sue Luttrell ("Complainant"), was a qualified employee of the respondent who at all times relevant to this Charge of Discrimination was over the age of forty (40). Complainant contends that while employed by Respondent she was discriminated and retaliated against on the basis of her age and further retaliated against on the basis of her gender following complaints of sexual harassment/hostile work environment, in violation of her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

The respondent is Lafayette Instrument Company, Inc. ("Respondent"), a company doing business at 3700 Sagamore Pkwy. N, Lafayette, IN 47904. Among other things, Respondent manufactures and sells polygraph machines and is an "employer" for the purposes of the ADEA and Title VII.

Complainant worked for Respondent for a little over five (5) years from approximately 2011-2016. At the time of termination, Complainant was working as a Polygraph Division Sales Representative.

"Continued on Page 2"

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

21 Feb 2017    Karen Sue Luttrell
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
Velvet C. Livingston

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Karen Sue Luttrell

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 02/21/2017

[Notary Seal: Velvet C. Livingston, Notary Public, Prince George's County, MD, My Commission Expires December 12, 2020]

Ex. A

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In approximately October 2015, Complainant reported sexual harassment by the company Vice President, Chris Fausett. The complaint was resolved in approximately March 2016 when the VP resigned his position and Complainant received monetary compensation. From that time forward, Complainant's requests for job assistance regarding pricing, discounts, new policies for booking orders and technical support questions were more often than not ignored or disregarded by the new VP, Steve Rider. When Complainant could not timely respond to her customers, she began to lose reliability and dependability and looked less effective. When Complainant brought the time issue to VP Rider's attention, Complainant was reprimanded and told that because Fausett (Rider's best friend) was gone, Rider had to take on additional tasks and was overloaded with work.

Other snubs and rejections during the time included: Complainant was transferred to a less desirable position and assignments that Complainant had filled for previous years were reassigned to a male representative of the company; Complainant was no longer asked to present or participate at national seminars and instead re-assigned to sit at the empty booth during vendor classed; being criticized for wearing the "wrong" shade of red shirt although Complainant did not wear anything other than the assigned shirt every day of the seminar, in question; being falsely accused of unauthorized use of company credit cards; and, Complainant was instructed to show up a day late for national seminars instead of being there full time. Additionally, questions by management concerning territories handled by Complainant were directed to another employee who had no information regarding the association seminars. Names and photos were removed from the company website, and all sales inquiries were directed to a generic email, which Complainant was not included in.

When another complaint of sexual harassment was made by a coworker, Complainant discussed it with VP Rider and told him that Complainant was dismayed with how differently the complaint was handled compared to Complainant's, which was ignored for months. VP Rider became upset, left and did not speak to Complainant until the following day as he was leaving work. Complainant received a Notice of Investigatory Leave two (2) work days later, and a Notice of Termination four (4) work days after that. Complainant received no exit interview and no explanation of why she was being terminated.

Prior to her termination, Complainant was told by VP Rider on several occasions that she was working too much, should take time off, she looked "tired," and was reminded by Rider that Complainant was one year older than his mother-in-law – the company president's mother. Complainant was not included in reports of software bugs when new software was released and tested and she was no longer invited to attend company functions (Christmas party and year-end meetings). On information and belief, Complainant's job responsibilities were given to a substantially younger individual.

Complainant asserts that the proffered reason for her termination was retaliatory and pre-textual. The actual reasons for Respondent's actions were discrimination and retaliation due to Complainant's age (over 40) and retaliation against Complainant for her complaints of sexual harassment/hostile work environment against Respondent's owner's good friend. Respondent's discriminatory and retaliatory conduct was in violation of Complainant's federally protected rights under the ADEA and Title VII, and was intentional, knowing, willful, wanton and in reckless disregard of Complainant's statutory and federally protected rights. Complainant is entitled to receive, compensatory damages, punitive damages, and reasonable attorney's fees.

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br>Velvet C. Livingston |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>Karen Sue Luttrell |
| 21 Feb 2017       Karen Sue Luttrell<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 02/21/2017<br>(Notary seal: Velvet C. Livingston, Notary Public, Prince George's County, MD, My Commission Expires December 12, 2020) |